**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos FLORES–ACUNA,**
**Defendant–Appellant.**

No. 11–50462.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2012.

Filed Dec. 19, 2012.

Andrew Richard Haden, Bruce R. Castetter, Peter Ko, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly A. Sullivan, Law Office of Holly A. Sullivan, San Diego, CA, for Defendant–Appellant.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

MEMORANDUM[*]

Juan Carlos Flores–Acuna was arrested at the Otay Mesa Port of Entry while attempting to enter the United States from Mexico in a 2005 Chevrolet Silverado truck, in which border patrol agents found approximately 3.56 kilograms of methamphetamine. Flores–Acuna was convicted and sentenced under 21 U.S.C. §§ 841(a)(1), 952 and 960, and appeals the district court's denial of his motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores–Acuna filed a motion for a new trial based on alleged newly-discovered evidence in the form of a post-trial psychological evaluation. "We review a district court's order denying a motion for a new trial made on the ground of newly discovered evidence for abuse of discretion." *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir.2009) (en banc). The district court correctly identified the standard for evaluating a motion for a new trial based on newly discovered evidence. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir.2005). After reviewing the record as a whole, we conclude that the district court did not abuse its discretion in denying Flores–Acuna's motion because nothing prevented defense counsel from re-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

questing such an evaluation before trial, and the psychiatric evaluation was not evidence which would show that a new trial would probably result in acquittal.

We do not address Flores–Acuna's appeal of his sentence, because, although he raised the issue in his opening brief, he did not offer any argument with respect to it. *See United States v. Alonso,* 48 F.3d 1536, 1544–45 (9th Cir.1995).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.